E. Gerard Mannion (State Bar # 77287)
gerry@mlolawyers.com
Wesley M. Lowe (State Bar # 111761)
wes@mlolawyers.com
Demián I. Oksenendler (State Bar # 233416)
demian@mlolawyers.com
MANNION LOWE & OKSENENDLER
601 Montgomery Street, Suite 1090
San Francisco, California 94111
Telephone: (415) 733-1050
Facsimile:  (415) 434-4810

Attorneys for Plaintiffs
JAIMI O'BRIEN and SEAN O'BRIEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIMI O'BRIEN and SEAN O'BRIEN,<br><br>  Plaintiffs,<br><br>vs.<br><br>HII INSURANCE SOLUTIONS, HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC, HEALTH INSURANCE INNOVATIONS, INC., AXIS INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No.  2:20-cv-02115 KJM-AC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date:         December 11, 2021<br>Time:        10:00 a.m.<br>Courtroom: 3, 15th Fl.<br>Judge:       Hon. Kimberly J. Mueller |

## I. INTRODUCTION

Defendant's Motion to Dismiss and for More Definite Statement should be denied.  As a threshold matter, the Motion to Dismiss fails in part because defendant's arguments do not dispose of the entire Complaint.  Defendant's Notice of Motion says it seeks a dismissal of the entire First Amended Complaint, yet defendant only actually attacks the Fraud claim and the prayer for punitive damages.  Defendant makes no attempt to address plaintiffs' claims for negligence, negligent misrepresentation, or unfair business practices (causes of action 5, 7, 8).

With respect to the claims that defendant does attack directly, the allegations in the First Amended Complaint are more than sufficient to set forth the "short and plain statement" required to

establish a "plausible" right to relief. Defendant's motion simply ignores the language and logic in the Complaint, and the applicable legal standards that favor the plaintiffs.

With respect to fraud, plaintiffs make plain and straightforward allegations of the necessary details to establish what HPIH did to them, including while acting in conjunction with other defendants. The First Amended Complaint explains that individuals named Julio and Erica worked for and on behalf of HPIH and the other HII Defendants to misrepresent coverage (*e.g.* by describing specific details of coverage that did not exist), to conceal the truth about the insurance transaction at issue, and that they did so with the requisite intent and *scienter*. The allegations of concealment are significant here because concealment is inherently different from fraud. Even if the details of why, what, when , where, and how were missing (they are not), hiding and failing to disclose the truth is a form of misfeasance and nonfeasance that necessarily lacks the same specific details. Defendant makes no attempt to address the concealment part of the cause of action.

As to punitive damages, plaintiffs' allegations are more than sufficient. Plaintiffs repeatedly allege throughout the complaint that the defendants engaged in tortious conduct that was part of a scheme of unfair and fraudulent business practices. Plaintiffs have alleged that the defendants engaged in that conduct "maliciously, oppressively, fraudulently, and in knowing and conscious disregard of plaintiffs' rights," **and** that the defendants not only ratified, but "***encouraged, and rewarded***" each other for that behavior. FAC at ¶¶ 9, 10, 34, 68 (emphasis added).

Defendant's Motion for More Definite Statement (directed at plaintiffs' breach of contract claim) also fails. Defendant cites no authority prohibiting allegations of multiple contracts, or the existence of interlocking relationships between the defendants. Even if such allegations were discouraged, the First Amended Complaint is contains straightforward allegations regarding the number of contracts and who entered into them. The O'Briens describe their contracts with the HII defendants (FAC at ¶ 19), and also Axis (FAC at ¶ 23, 27). The O'Briens also allege that the HII defendants and Axis had contracts between them that were intended to benefit the O'Briens and/or that made Axis responsible for the HII Defendants' conduct. FAC at ¶ 23. None of that is so confusing or so vague that HPIH "cannot respond in good faith with even a simple denial without prejudice to itself." *Euro RSCG Direct Response, LLC v. Green Bullion Fin'l Services* (SD FL 2012)

2

872 F.Supp.2d 1353, 1358; *See also* FRCP 12(e).

## II.  ARGUMENT

A.  <u>The Motion to Dismiss Should Be Summarily Denied in Part Because it Does Not Dispose of the Entire First Amended Complaint</u>.

Defendant's Motion to Dismiss should be summarily denied, in part, because it fails to set forth grounds for relief as to most of the First Amended Complaint. A notice of motion in federal court must set forth "with particularity the grounds for seeking the order; and state the relief sought." FRCP 7(b)(1)(B)-(C). Here, the Notice of Motion states that defendant seeks to "dismiss Plaintiffs Jaimi O'Brien and Sean O'Brien's (collectively, "Plaintiffs") First Amended Complaint filed on or around September 8, 2020 . . . ." [Docket No. 7 at 1:23-24]. Defendant is not seeking dismissal of just part of the First Amended Complaint. It is attacking the entire First Amended Complaint.

Instead of addressing the entirety of plaintiffs' pleading, however, defendant's Motion to Dismiss only actually attempts to attack one cause of action (fraud) and one element of damages (punitive damages). Defendant did not attempt to show how or why any of the other causes of action against it (negligence, negligent misrepresentation, and fraudulent/unfair business practices) should be dismissed. As to those claims and causes of action, at least, defendant's has not established any entitlement to relief. Accordingly, the motion should be summarily denied, at least in part.

B.  <u>Defendant Leaves out Important Legal Standards Applicable to its Motion to Dismiss</u>.

Looking beyond the procedural points, there are important legal standards governing motions to dismiss that defendant failed to cite. They are determinative here.

A complaint is not a discovery response. Its function is to provide a defendant with a "simple, concise, and direct" set of allegations that set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8 (a), (d). The bar is low. As long as the plaintiffs' allegations set forth a "plausible" right to relief, they are sufficient. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 679-680 (2007).

Furthermore, a motion to dismiss under FRCP 12(b)(6) is not contested on a level playing field. The law requires that the allegations in a complaint be read in ways that aid the plaintiff at the expense of the moving party. That does not just mean courts take the allegations in a complaint as

3

true. The allegations are also construed liberally, in the light most favorable to the plaintiff. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005). Furthermore, the law actually requires that courts *expand* the complaint beyond what is in the text to give plaintiffs all reasonable inferences in their favor that can be drawn from the allegations in the pleading. *Id.*

B.   <u>Plaintiffs' Fraud Allegations Are More That Sufficient</u>.

Defendant attempts to attack plaintiffs' fraud allegations in two ways. First, it wrongly characterizes the First Amended Complaint as a vague "everyone did everything" document that renders the fraud cause of action insufficiently particular overall. Second, it wrongly contends that the allegations in the First Amended Complaint are not particular enough on the issues of intent and knowledge. Neither of those arguments have merit.

Although fraud allegations require more specificity than other kinds of claims, that does not turn a complaint into a discovery response, and the basic "plausibility" standard still governs. *See In re Gen. Motors LLC CP4 Fuel Pump Litig.* (N.D. Cal. 2019) 393 F. Supp. 3d 871, 879 (citing *Luong v. Subaru of Am., Inc.* (N.D. Cal. 2018) 2018 WL 2047646, at *5). This holds especially true with regard to knowledge/*scienter* (an element to which defendant devotes significant space in its motion), which "need only be alleged generally, with non-conclusory, plausible allegations." *In re Gen. Motors*, 393 F. Supp. 3d at 879.

Here, the First Amended complaint is not an "everyone did everything" pleading that "lumps" dissimilar defendants together. The First Amended Complaint makes a clear distinction between the insurance producers that sold the insurance at issue (which include moving party HPIH, along with the individual Julio) and the insurer (Defendant Axis Insurance Company). FAC at ¶¶ 12, 13, 14. Although plaintiffs certainly allege that all of the defendants acted jointly and benefitted jointly in certain ways, that does not justify an attack on the instant complaint. The HII defendants were insurance agents selling Axis insurance policies. It is only natural that they would be working together to issue policies and reach common financial goals. The defendants are not "dissimilar."

With respect to the details of the fraud/concealments, plaintiffs provide more than enough detail to plausibly establish the liability of the moving defendant. The O'Briens allege that in 2017 an unlicensed insurance agent/broker named Julio, who worked for defendant, had conversations

with plaintiffs (that plaintiffs believe were recorded) in order to sell them health insurance. FAC at ¶¶ 16-17. In those conversations, Julio made specific representations about the health insurance coverage he was selling to plaintiffs, which the plaintiffs only later learned were false. FAC at ¶¶ 16, 62. Plaintiffs have alleged that Julio "was working for HII Defendants and/or under their name," and that defendant was "acting through" Julio when the fraud/concealments occurred. FAC at ¶¶ 16, 60.

The First Amended Complaint contains detailed specifics about what Julio promised. He told that the O'Briens: "that co-pays would be $10 for regular doctors and $30 for specialists; that 90% of all doctors in the nation were in network; that all out-of-network care was covered at 50%, that all hospital care was covered at 70% . . ." among other things. FAC at ¶ 61. Plaintiffs specifically allege that "These representations were *false* and were made *knowingly* and/or recklessly, and/or without regard for the truth." FAC at ¶ 61 (emphasis added). Furthermore, "[a]ll of the misrepresentations and concealments and/or failures to disclose . . .were made *with the intent that plaintiffs be deceived and/or rely on them*." FAC at ¶ 62. There can be no doubt that plaintiffs have alleged that defendant's employee or agent Julio lied to the O'Briens about the insurance that he was selling them, that he knew he was lying, and that he did so with the intent to trick plaintiffs into buying that insurance through defendant. That plausibly establishes defendant's liability for fraud. No inferences necessary.

In addition, the O'Briens make specific allegations of concealment, which defendant has completely failed to address. Plaintiffs allege defendant "had a duty to disclose, but instead concealed and/or failed to disclose" numerous specific material facts, including that: "co-pays were not co-pays$10 for regular doctors and $30 for specialists; that 90% of all doctors in the nation were not in network; that out-of-network care was not covered at 50%, that hospital care was not covered at 70%; that the policy provided essentially no coverage at all; that the policy did not meet minimum statutory requirements . . . that Julio was not licensed to sell insurance in California . . . ." FAC at ¶ 61. Plaintiffs also allege that a woman named Erica was involved in the concealment, and specifically allege that the "concealments and/or failures to disclose by defendants were made by Julio and Erica . . . ." FAC at ¶ 62. Plaintiffs also account for the reality that concealments are distinct from fraudulent misrepresentations, in that they a continuing wrong. Defendant's obligation

to tell the truth arose as soon as it commenced communicating with plaintiffs – even before Julio started making misrepresentations about the insurance he was selling – and defendant could have told plaintiffs the truth at any time, by a variety of means. FAC at ¶ 61. It never did so.

Defendant makes no attempt to address plaintiffs' claim of concealment. But all of the necessary allegations are there. Plaintiffs set forth the existence of a duty to disclose, the specifics of what they should have been told, the names of those who should have made the disclosures (even naming a second individual, Erica, who was involved in concealing the truth), and that the concealments were done with the intent that plaintiffs rely and/or be deceived. FAC at ¶¶ 61-62.

To summarize, the First Amended Complaint meets all of the requirements for alleging fraud and concealment:

| | | |
|---|---|---|
| Who: | Julio and Erica. FAC at ¶¶ 16, 17, 60, 61, 62. | |
| What: | ● Misrepresentations about specific coverages the policy was supposed to provide. FAC at ¶¶ 16, 60, 61. | |
| | ● Concealing the truth about the policy and Julio's lack of required license. FAC at ¶¶ 16, 52, 53, 61. | |
| When: | 2017. FAC at ¶ 16. | |
| Where/How: | Orally and in writing, and in recorded conversations. FAC at ¶¶ 16, 17, 62. | |
| *Scienter*: | the representations were false, made knowingly, and made with the intent that plaintiffs rely and/or be deceived. FAC at ¶¶ 61-62. | |

There is no legitimate argument that defendant can make about the specificity of plaintiffs' fraud and concealment allegations. All of the required elements and details are present in the First Amended Complaint. The motion must be denied.

C.  <u>Plaintiffs Have Properly Asserted a Prayer for Punitive Damages</u>.

Defendant's attack on the O'Briens' prayer for punitive damages fails both procedurally and substantively. Procedurally, the motion is defective because there is no such thing as a motion to dismiss punitive damages. At the pleading stage, the proper vehicle to attack an element of damages is a Motion to Strike, which defendant has not filed here. *See* FRCP 12(f). Substantively, the motion fails as to punitive damages because all of the necessary allegations are present. The

6

O'Briens allege that defendant not only lied to them and hid the truth, but that defendant was engaged in a larger scheme, in which it profited by using unlicensed insurance agents to sell defective insurance policies throughout this State, **and** that the defendants not only ratified, but "***encouraged, and rewarded***" each other for that behavior.  FAC at ¶¶ 37, 50, 68.

      1.    <u>Defendant chose the wrong procedural vehicle to seek "dismissal" of plaintiffs' prayer for punitive damages</u>.

The Federal Rules of Civil Procedure offer several options for a defendant that wishes to object to the content of a complaint.  *See* FRCP 12.  A Motion to Dismiss, such as what defendant has filed here, is one of them.  FRCP 12(b).  However, such motion is restricted.  A motion to dismiss only allows a defendant to raise certain kinds of defenses:   lack of jurisdiction, improper venue, defective service, failure to state a claim upon which relief can be granted, and failure to join a party.  FRCP 12(b).  A defendant can also, as here, make a Motion for a More Definite Statement.  FRCP 12(e).  Neither of those types of motions provide for the relief that defendant seeks regarding punitive damages.  Instead, the proper way to attack the prayer for punitive damages would have been a Motion to Strike.  *See* FRCP 12(f); *Susilo v. Wells Fargo Bank, N.A.* (C.D. Cal. 2011) 796 F. Supp. 2d 1177, 1196 (citing *Tapley v. Lockwood Green Eng'rs* (8th Cir. 1974) 502 F.2d 559, 560.

Here, defendants did not file a Motion to Strike.  Instead, they filed only a Motion to Dismiss and for a More Definite Statement.  [Docket No. 7 at 1:26-2:1]  "Dismissal" is not a form of relief available as to plaintiffs' prayer for punitive damages under either FRCP 12(b) or FRCP 12(e).  Defendants chose the wrong procedural vehicle to attempt an attack on plaintiffs' prayer for punitive damages.  Consequently, the motion should be denied as to the prayer for punitive damages.

      2.    <u>The allegations in the complaint more than justify a prayer for punitive damages</u>.

Notwithstanding the procedural problems with defendant's motion on punitive damages, its substantive arguments also lack merit.  Defendant's objection to the prayer for punitive damages focuses on a supposed lack of ratification.  The problems with defendant's arguments are that defendant ignores both the applicable legal standard and the allegations in the First Amended Complaint.  The allegations in the First Amended Complaint are more than sufficient to plausibly establish defendant's liability for punitive damages.

With respect to the applicable standard, defendant is wrong in two ways.  First, it incorrectly contends that plaintiffs must plead either that it (or its managing agents) ratified or committed the conduct at issue. [Docket No. 7 at 6:23-28].  That misstates the law.  In California, punitive damages are also available when an employer, like defendant *authorized* the fraudulent conduct.  Cal. Civ. Code § 3294(b).  Second, defendant misstates the specificity required at the pleading stage to support a prayer for punitive damages.  It is well-established that "To support punitive damages, the complaint ... must allege *ultimate facts* of the defendant's oppression, fraud, or malice." *Cyrus v. Haveson* (1976) 65 Cal.App.3d 306, 316–317 (emphasis added).  No heightened pleading required.

Here, the O'Briens have alleged more than enough to support a prayer for punitive damages.  As set forth above, they allege obvious fraudulent conduct with respect to the insurance transaction at issue.  Furthermore, they allege that both Julio and Erica "had authority to speak on behalf of" defendant.  FAC at ¶ 62.  The reasonable inference from that allegation (which must be drawn in plaintiffs' favor) is that a managing agent gave Julio and Erica that authority.

Additionally, however, defendant simply ignores other allegations in the First Amended Complaint that establish authorization and ratification.  Defendant fails to address the allegations that this case involves more than a single improper insurance transaction.  Instead, the First Amended Complaint describes a larger scheme, in which defendant, along with its co-defendants engaged in a fraudulent business practice of selling defective insurance policies using unlicensed agents to unwitting victims in California.  *See* FAC at ¶¶ 72-78.  At least one of the reasonable inferences from those allegations is that the scheme was conducted with the authorization, ratification, and approval of managing agents of defendant at high levels.  Yet, such an inference is not even necessary here, as the First Amended Complaint contains the necessary allegations.  The O'Briens specifically allege that the defendants ratified the conduct at issue.  9, 10, 37, 50, 68.  Indeed, the O'Briens go even farther.  They also allege that the defendants actually "*encouraged, and rewarded*" each other for their fraudulent and malicious conduct.  FAC at ¶¶ 37, 50, 68 (emphasis added).  The allegations in the First Amended Complaint are more than sufficient to set forth the ultimate facts needed to support a prayer for punitive damages.  The motion should be denied.

Memorandum of Points and Authorities in Opposition to Motion to Dismiss

D. <u>There Is No Need for a More Definite Statement of the Breach of Contract Claim</u>.

In order to support a Motion for More Definite Statement, the moving party must meet an extremely high standard. It must establish that the complaint is so confusing or so vague that the defendant "cannot respond in good faith with even a simple denial without prejudice to itself." *Euro RSCG Direct Response, LLC v. Green Bullion Fin'l Services* (SD FL 2012) 872 F.Supp.2d 1353, 1358; *See also* FRCP 12(e). Alternatively, as defendant acknowledges in its brief, such a motion may also succeed if the complaint "suffers from unintelligibility" and "is so indefinite that the defendant cannot ascertain the nature of the claim begin asserted in order to frame a response." *Medrano v. Kern Ctw. Sherrif's Officer* (E.D. Cal. 2013) 921 F.Supp.2d 1009, 1013.

The First Amended Complaint here is nowhere near unintelligible, much less confusing to the point where defendant might suffer prejudice by answering. It sets forth in straightforward terms, and in separate paragraphs, that the O'Briens had contracts with both the HII defendants (FAC at ¶ 19), and Axis (FAC at ¶¶ 23, 27). The First Amended Complaint sets forth the essential terms legal effect of those contracts. FAC at ¶¶ 20, 27, 28. The O'Briens also allege that the HII defendants and Axis had contracts between them that were either intended to benefit the O'Briens or that made Axis responsible for the HII Defendants' conduct. FAC at ¶ 23. Plaintiffs allege that the defendants breached all of the agreements described in the complaint because plaintiffs did not get the health insurance benefits that they were promised. FAC at ¶¶ 24, 25, 29.

Nothing about the above allegations are confusing, vague, or unintelligible. The existence of contracts between plaintiffs and the various defendants are set forth in plain and clear language, which defendant can easily admit or deny. With regard to the relationships among the defendants, defendant cites no authority that might bar plaintiffs from asserting the existence of complex relationships among defendants who defrauded them. Answering those allegations would be a simple matter. Defendant is free to admit deny that relationships exist, admit or deny that they are contractual, and admit or deny that those relationships were intended to benefit the plaintiffs.

Defendant's objection to plaintiffs grouping allegations regarding all of the contracts at issue in a case within a single breach of contract cause of action lacks support. Defendant cites no authority prohibiting or discouraging parties from doing so. There is simply no need for a more

9

definite statement of any of plaintiffs' breach of contract allegations.

E.  <u>Alternatively, this Court Should Grant Leave to Amend</u>.

Plaintiffs here contend that their Complaint is more than sufficient. However, on those occasions where 12(b)(6) motions succeed, courts "freely" and "generous[ly]" grant leave to amend. FRCP 15(a); *United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011). As long as it is possible to "conceive of facts" that would render the plaintiffs' claims viable, then a court that grands a 12(b)(6) motion should give the plaintiffs leave to amend. *Id.*; *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir. 1990).

Here, in the event that the Court grants defendant's motion, in whole or in part, it should grant plaintiffs leave to amend. Defendant's motion is entirely predicated on an alleged lack of specificity and clarity. Those kinds of problems are the type that can be corrected by amendment. If this Court determines that the plaintiffs' allegations are deficient, it is easy to "conceive of facts" that would make the claims viable. Defendant has made no showing to the contrary.

Furthermore, the instant motion represents the first attack on plaintiffs pleadings. No previous demurrers or Motions to Dismiss have been filed. Plaintiffs allegations have never been tested in this Court or any other. Accordingly, in the event that the Court decides to grant defendant's motion in whole or in part, it should also grant plaintiffs leave to amend their Complaint.

### IV.  CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court deny defendant's motion in its entirety.

Dated:  November 25, 2020           MANNION LOWE & OKSENENDLER
                                    A Professional Corporation

                                    By:  /s/ Demián I. Oksenendler (SBN #233416)
                                         Demián I. Oksenendler
                                         Attorneys for Plaintiffs
                                         JAIMI O'BRIEN and SEAN O'BRIEN

S:\Shared Folders\Main Group\Clients\O'Brien v. HII\Federal Pleadings\Motion to Dismiss - HII\Opposition to MTD.Points and Authorities.wpd

Memorandum of Points and Authorities in Opposition to Motion to Dismiss